*FILED*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

*2017 MAY 18  PM 2:03*

FLORIDA PROSTHODONTICS, P.A., a Florida
corporation, individually and on behalf of all others
similarly situated,

        Plaintiff,

    v.

DENTSPLY SIRONA, INC., a Delaware
corporation,

        Defendant.

Case No. 6:17-cv-899-ORL-37-GJK

**PLAINTIFF'S CLASS ACTION
COMPLAINT AND DEMAND FOR
JURY TRIAL**

Plaintiff Florida Prosthodontics, P.A., by and through its undersigned counsel, brings this Class Action Complaint and Demand for Jury Trial against Defendant Dentsply Sirona Inc. ("Defendant" or "Dentsply"), on behalf of itself and all others similarly situated, for violations of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("the Act"), and its accompanying regulations. The following allegations are based upon Plaintiff's personal knowledge as to itself, and as to all other matters upon information and belief, including investigation conducted by its attorneys.

## NATURE OF THE ACTION

1.    In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which, among other things, prohibited any person or entity from sending fax advertisements without the recipient's prior express consent. That law was passed in response to widespread complaints from consumers and business about the annoyance, cost, and intrusion caused by unsolicited fax advertisements.

2.     In passing the TCPA, Congress found that in addition to invading recipients' privacy, unsolicited faxes harm their recipients, costing loss of paper and ink toner, excess wear and tear on the receiving fax machine, temporary loss of usage of the fax machine, and loss of time, as the recipient and/or its employees must attempt to discern the source and purpose of the unsolicited message.

3.     Fourteen years later, with consumers and business still besieged by unsolicited fax advertisements, Congress amended the TCPA by passing the Junk Fax Prevention Act of 2005, which required senders of fax advertisements to include on the first page a clear and conspicuous notice to recipients of their right to stop future advertisements, as well as instructions for exercising that right.

4.     Even though it has been illegal for over a quarter-century to send unsolicited fax advertisements, Dentsply—one of the country's largest producers of dental equipment and consumables— continues to send them to prospective customers, which include dentist and orthodontist offices throughout the country. Worse still, Dentsply does so without the recipients' consent, and without including the opt-out language required by the Junk Fax Prevention Act of 2005.

5.     One such recipient was Plaintiff Florida Prosthodontics, P.A., a father-and-son-owned dental practice in Florida that received the fax advertisement attached as **Exhibit 1** on April 28, 2017 (hereinafter "the Fax"). Because Plaintiff did not consent to receive fax advertisements from Dentsply, it brings suit on behalf of itself and all others similarly situated, seeking redress for Dentsply's unlawful conduct.

## PARTIES

6.     Plaintiff Florida Prosthodontics, P.A. is a corporation organized and existing under the laws of the State of Florida, with its headquarters and principal place of business located at 2180 North Courtenay Parkway, Merritt Island, Florida 32953.

7.     Defendant Dentsply Sirona Inc. is a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business located at 221 W. Philadelphia Street, Suite 60W, York, Pennsylvania 17401.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under a federal statute.

9.     This Court has personal jurisdiction over Defendant because it routinely transacts business in Brevard County and throughout the State of Florida, and because the conduct giving rise to this action was directed at Brevard County.

10.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant routinely transacts business in Brevard County and throughout the State of Florida, because the conduct giving rise to this action was directed at Brevard County, and because the injuries alleged in this Complaint took place in Brevard County.

## COMMON FACTUAL ALLEGATIONS

11.     Dentsply is one of the world's largest producers of dental equipment and consumables such as anesthetics, dental implants, teeth cleaning supplies, orthodontics equipment, and imaging equipment. Publicly traded on the NASDAQ since 1993, Dentsply had sales of roughly $3.7 billion in 2016.

12.     Unlike its counterparts in the medical device and consumables fields, which can generate substantial revenue through sales to institutional clients like hospitals and health care networks, Dentsply is dependent on small and independent dental offices for much of its revenue in the United States.

13.     To that end, Dentsply must engage in substantial marketing efforts to reach its potential client base. Historically, this is by working with a number of distributors, who then develop relationships with and market to individual dental offices.

14.     In addition to relying on its distributors, however, Dentsply has also chosen to market directly to dental offices themselves by faxing advertisements for its products. Unfortunately, rather than limiting the messages to offices that have requested information from Dentsply or otherwise agreed to accept them, Dentsply has chosen to send unsolicited fax advertisements to dental offices throughout the country, hoping to generate new sources of business.

15.     On information and belief, Dentsply has sent fax advertisements similar to that attached as **Exhibit 1** to thousands of dental offices throughout the country.

### FACTS SPECIFIC TO THE PLAINTIFF

16.     Plaintiff Florida Prosthodontics, P.A. is a father-and-son owned dental office with locations in Merritt Island, Rockledge, and Winter Park, Florida.

17.     On April 28, 2017, Plaintiff received the Fax, attached as **Exhibit 1**. The cover sheet for the Fax indicated that it was sent by Philip Swann, a Dentsply employee.

18.     Although the cover page and header of the Fax indicated that the transmission included three pages, only two pages (the cover page and another, labeled as pages one and three, respectively) were received by Plaintiff.

19.     The body of the Fax included images and descriptions of various Dentsply products, along with a list of "May & June 2017 Midwest Deals," including discounts, "buy one get one" offers and more.

20.     The Fax instructed recipients to contact Dana Larkin, a "LOCAL EXECUTIVE MIDWEST SPECIALIST" with Dentsply.

21.     Nowhere in the Fax did Dentsply provide notice to Plaintiff of its ability to opt out of receiving further fax advertisements, nor did it provide instructions for doing so.

22.     As a result of Dentsply's Fax, Plaintiff lost money or property in the form of the ink and paper used in printing the Fax, the additional wear and tear caused to Plaintiff's fax machine in receiving and printing the Fax, and the lost time and productivity of its employees in reviewing the Fax.

## CLASS ALLEGATIONS

23.     Plaintiff brings this class action on behalf of itself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States who subscribed to a telephone number that received a facsimile message from Defendant advertising Defendant's products or services within four years of the filing of this Complaint.

The following people are excluded from the Class: (1) any Judge or magistrate presiding over this action and any members of their families; (2) Defendant and its subsidiaries,

5

parents, successors, predecessors, and any entity in which Defendant or its related entities have a controlling interest, as well as their current and former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims arising out of substantially the same conduct by Defendant have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24.    **Numerosity**: The exact size of the Class is unknown to Plaintiff at this time, but it is clear that individual joinder would be impracticable. On information and belief, the Class includes thousands of members. Ultimately those members will be identified through Defendant's facsimile transmission logs.

25.    **Commonality and Predominance**: Common questions of law and fact exist as to all Class members' claims, and predominate over any questions affecting Class members. With respect to the Class, those questions include:

  a. Whether Defendant's unsolicited fax messages were "advertisements" within the TCPA's meaning;

  b. Whether Defendant obtained the Class members' prior express consent to send the fax advertisements;

  c. Whether Defendant's faxes included the notice and opt-out instructions required by the TCPA and its implementing regulations; and

  d. Whether Defendant's conduct was knowing and willful.

26. **Typicality**: Plaintiff's claims are typical of the other Class members because it, like the rest of the class, from Defendant within the last four years and suffered similar injuries.

27. **Adequacy**: Plaintiff will fairly and adequately represent and protect the Class's interests, and has retained counsel competent and experienced in similar actions. Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff.

28. **Superiority**: Class proceedings are a superior method of resolving this dispute because individual joinder of all Class members is impracticable, and the damages suffered by individual Class members will be small relative to the burden and expense of pursuing their claims individually. Accordingly, Class members would not be able to obtain effective relief from Defendant individually. Even if Class members could sustain individual litigation, however, it would still be inferior to a class action because individual litigation would increase the delay and expense to all parties and to the judicial system. By contrast, class proceedings would be more manageable and would provide economies of scale and uniform resolution of all claims asserted.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. The Act and its implementing regulations prohibit any person or entity from using "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless" (i) the sender has an

established business relationship with the recipient; *and* (ii) the sender obtained the recipient's fax number voluntarily within the scope of the business relationship or through the recipient's voluntary public dissemination of the number; *and* (iii) the advertisement includes, on its first page, a clear and conspicuous notice informing the recipient of its right to and the process for opting out of receipt of further unsolicited advertisements from the sender. *See* 47 U.S.C. §§ 227(b)(1)(C), (b)(2)(D); *See* 47 C.F.R. § 64.1200(a)(4)(iii).

31.     The Act and its implementing regulations impose further requirements on the opt-out notice that must accompany an unsolicited fax, including that the notice identifies what must be included in the opt-out request, and that the notice identify a toll-free telephone number or separate cost-free contact form, available 24 hours a day, 7 days a week for submission of the opt-out request. *See* 47 U.S.C. §§ 227(b)(1)(C), (b)(2)(D); *See* 47 C.F.R. § 64.1200(a)(4)(iii).

32.     On April 28, 2017, Defendant transmitted the Fax attached as **Exhibit 1** to Plaintiff's fax machine. The Fax advertised Defendant's products for sale.

33.     Plaintiff did not request that Defendant send advertisements to its fax machine, nor did it otherwise consent to receive the Fax attached as **Exhibit 1**.

34.     Plaintiff did not provide its fax number to Defendant for the purpose of receiving fax advertisements nor did it publish the number publicly for the purpose of receiving fax advertisements.

35.     In violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii), Defendant's Fax to Plaintiff did not include a clear and conspicuous

notice on its first page stating that Plaintiff could request that Defendant not send any future unsolicited advertisements to Plaintiff's fax machine, identifying the requirements for such a request, and informing Plaintiff that failure to respond within 30 days was unlawful.

36.     Further in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii), Defendant's Fax to Plaintiff did not include a clear and conspicuous notice on its first page identifying a cost-free method or mechanism for submitting an opt-out request. *See* 47 U.S.C. §§ 227(b)(1)(C), (b)(2)(D); *See* 47 C.F.R. § 64.1200(a)(4)(iii).

37.     Thus, in violation of the Act and its implementing regulations, Defendant transmitted the Fax to Plaintiff without its prior consent or the required opt-out language.

38.     As a sophisticated business and as the entity responsible for creating and disseminating the fax advertisements at issue in this case, Defendant knew that its fax advertisements lacked the opt-out language required by the Act and its implementing regulations. Moreover, Defendant knew or should have known that it lacked prior express consent from Plaintiff and the Class to send the fax advertisements at issue.

39.     As a result of Defendant's transmission of the Fax and other fax advertisements like it, Plaintiff and the Class lost money or property in the form of the ink and paper used in printing the unsolicited fax advertisements, the additional wear and tear caused to their fax machines in receiving and printing the unsolicited fax advertisements, and the lost time and productivity of their employees in reviewing the unsolicited fax advertisements.

40.     Accordingly, Plaintiff seeks an Order: (i) permanently enjoining Defendant from sending the unlawful fax advertisements described above; (ii) awarding Damages to Plaintiff and the Class in an amount of $1,500 for each unlawful fax advertisement received; and (iii) requiring Defendant to pay Plaintiff's and the Class's attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Florida Prosthodontics, P.A, individually and on behalf of the Class defined above, respectfully requests that the Court grant the following relief:

A.     Certify this case as a class action on behalf of the Class defined above, appoint Plaintiff Florida Prosthodontics, P.A. as Class representative, and appoint Daniel Dill of the Dill Law Group PA as class counsel;

B.     Declare that, as described herein, Defendant knowingly and/or willfully 47 U.S.C. § 227 and its implementing regulations;

C.     Award injunctive and other equitable relief as necessary to protect the interests of Plaintiff and the Class, including an order prohibiting Defendant from sending further unlawful fax advertisements like those described above;

D.     Award Plaintiff and the Class damages of $1,500 per unlawful fax received, pursuant to 47 U.S.C. § 227(b)(3);

E.     Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.     Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.   Award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Dated: May 9, 2017

Respectfully submitted,

**FLORIDA PROSTHODONTICS, PA,**
individually and on behalf of all others
similarly situated,

By: _____
    Daniel F. Dill
    Florida Bar Identification No. 056405
    The Dill Law Group PA
    350 E. Pine Street
    Orlando, FL 32801
    Telephone: 407.367.0278
    Facsimile: 407.206.3297
    ddill@dilllawgroup.com