**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FLORIDA PROSTHODONTICS, P.A.,
a Florida corporation, individually and on behalf
of all others similarly situated,

          Plaintiff,

v.

DENTSPLY SIRONA, INC., a Delaware
Corporation,

          Defendant.

Case No. 6:17- cv-00899-RBD-GJK

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S CLASS ACTION**
**COMPLAINT AND DEMAND FOR**
**JURY TRIAL**

**DEFENDANT DENTSPLY SIRONA, INC.'S**
**ANSWER TO CLASS ACTION COMPLAINT**

     Defendant Dentsply Sirona Inc. ("Dentsply" or "Defendant"), in accordance with Fed. R. Civ. P. 12, hereby submits its Answers and Affirmative Defenses to Plaintiff Florida Prosthodontics, P.A.'s Complaint (Dkt. 1) as follows:

**PRELIMINARY STATEMENT**

     1.    This paragraph contains conclusions of law to which no response is required. To the extent one is required, Defendant denies the allegations. Further, to the extent this paragraph is deemed to contain allegations of fact, such allegations are denied.

     2.    This paragraph contains conclusions of law to which no response is required. To the extent one is required, Defendant denies the allegations. Further, to the extent this paragraph is deemed to contain allegations of fact, such allegations are denied.

     3.    This paragraph contains conclusions of law to which no response is required. To the extent one is required, Defendant denies the allegations. Further, to the extent this paragraph

is deemed to contain allegations of fact, such allegations are denied.

4.     Denied.  Dentsply does not send "unsolicited" fax advertisements in violation of the Junk Fax Protection Act ("JFPA").   Also, the D.C. Circuit Court of Appeals has held that the opt-out notice requirements in 47 C.F.R. § 64.1200 are unlawful with respect to solicited fax advertisements.  *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes.").  Accordingly, no opt-out language was required on the fax at issue, or any other fax sent by Dentsply.  The remainder of this paragraph contains conclusions of law to which no response is required.

5.     Denied.  Dentsply did not send an unsolicited fax advertisement to Plaintiff or any other member of the putative class on or about April 28, 2017.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

## PARTIES

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

7.     Admitted.

## JURISDICTION AND VENUE

8.     This paragraph contains conclusions of law to which no response is required.  To the extent one is required, Defendant denies the allegations.

9.     This paragraph contains conclusions of law to which no response is required.  To the extent one is required, Defendant denies the allegations.

10.     This paragraph contains conclusions of law to which no response is required.  To

the extent one is required, Defendant denies the allegations.

## FACTS

11.     Defendant admits that it is a producer of dental equipment and consumables and that it reported $3.7 billion in revenue for 2016.  Defendant denies the remaining allegations.

12.     Denied.  Dentsply is not "dependent" on small and independent dental offices. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

13.     Denied.  Dentsply does not "engage in substantial marketing efforts to reach its potential client base."  Dentsply lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

14.     Denied.  Dentsply does not send unsolicited fax advertisements.

15.     Denied.  Dentsply does not send unsolicited fax advertisements.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.  Further, to the extent the allegations of this paragraph attempt to characterize a document, the document is the best evidence of its contents and any characterization thereof is denied.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.  Further, to the extent the allegations of this paragraph attempt to characterize a document, the document is the best evidence of its contents and any characterization thereof is denied.

19.     To the extent the allegations of this paragraph attempt to characterize a document,

3

the document is the best evidence of its contents and any characterization thereof is denied.

20.     To the extent the allegations of this paragraph attempt to characterize a document, the document is the best evidence of its contents and any characterization thereof is denied.

21.     To the extent the allegations of this paragraph attempt to characterize a document, the document is the best evidence of its contents and any characterization thereof is denied. Also, the D.C. Circuit Court of Appeals has held that the opt-out notice requirements in 47 C.F.R. § 64.1200 are unlawful with respect to solicited fax advertisements.  *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes.").  Accordingly, no opt-out language was required on the fax at issue, or any other fax sent by Dentsply.

22.     Defendant denies that Plaintiff suffered any injury in connection with the single fax it allegedly received.

## CLASS ACTION ALLEGATIONS

23.     This paragraph contains conclusions of law for which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant specifically denies that class action treatment is appropriate.

24.     This paragraph contains conclusions of law for which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant specifically denies that class action treatment is appropriate.

25.     This paragraph contains conclusions of law for which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant specifically denies that common questions of law or fact exist and predominate over individual issues and specifically

denies that class action treatment is appropriate.

26.     This paragraph contains conclusions of law for which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant specifically denies that Plaintiff's claims are typical and that class action treatment is appropriate.

27.     This paragraph contains conclusions of law for which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant specifically denies that Plaintiff or its counsel are adequate representatives and that class action treatment is appropriate.

28.     This paragraph contains conclusions of law for which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant specifically denies that class proceedings are a superior method of resolving the instant dispute and that class action treatment is appropriate.

### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.*

29.     Defendant incorporates its admissions and denials to the foregoing allegations as if fully set forth herein.

30.     This paragraph purports to quote selective portions of the TCPA to which no response is required.  To the extent one is required, Defendant denies the allegations.

31.     This paragraph contains conclusions of law to which no response is required.  To the extent one is required, Defendant denies the allegations.  Also, the D.C. Circuit Court of Appeals has held that the opt-out notice requirements in 47 C.F.R. § 64.1200 are unlawful with respect to solicited fax advertisements.  *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes.").  Accordingly, no opt-out language was required on the fax at issue, or any other fax sent by Dentsply.

5

32.     Denied as a conclusion of law to which no response is required.

33.     Denied.

34.     Denied.

35.     This paragraph contains conclusions of law to which no response is required.  To the extent one is required, Defendant denies the allegations.  Further, to the extent the allegations of this paragraph attempt to characterize a document, the document is the best evidence of its contents and any characterization thereof is denied.  Also, the D.C. Circuit Court of Appeals has held that the opt-out notice requirements in 47 C.F.R. § 64.1200 are unlawful with respect to solicited fax advertisements.  *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes.").  Accordingly, no opt-out language was required on the fax at issue, or any other fax sent by Dentsply.

36.     This paragraph contains conclusions of law to which no response is required.  To the extent one is required, Defendant denies the allegations.  Further, to the extent the allegations of this paragraph attempt to characterize a document, the document is the best evidence of its contents and any characterization thereof is denied.  Also, the D.C. Circuit Court of Appeals has held that the opt-out notice requirements in 47 C.F.R. § 64.1200 are unlawful with respect to solicited fax advertisements.  *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes.").  Accordingly, no opt-out language was required on the fax at issue, or any other fax sent by Dentsply.

37.     Denied.  Dentsply did not send an unsolicited fax advertisement to Plaintiff in violation of JFPA.

38.     Denied.  Dentsply did not send an unsolicited fax advertisement to Plaintiff or any other member of the putative class.  Also, the D.C. Circuit Court of Appeals has held that the opt-out notice requirements in 47 C.F.R. § 64.1200 are unlawful with respect to solicited fax advertisements.  *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes.").  Accordingly, no opt-out language was required on the fax at issue, or any other fax sent by Dentsply.

39.     Denied.

40.     This paragraph contains conclusions of law to which no response is required.  To the extent one is required, Defendant denies the allegations.  Defendant denies that any relief whatsoever is warranted in this case.  The TCPA does not provide for attorneys' fees and costs to a prevailing party.

## PRAYER FOR RELIEF

Dentsply denies that Plaintiff is entitled to any relief whatsoever or that this case is deserving of class treatment.  The TCPA does not provide for attorneys' fees and costs to a prevailing party.

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Dentsply denies each and every allegation in the Complaint to which it has not expressly admitted, specifically answered, or responded herein.

## AFFIRMATIVE DEFENSES

By alleging the defenses herein, Dentsply intends no alteration of any burden of proof that otherwise exists with regard to the claims in the Complaint.  All defenses are pled in the

alternative and do not constitute an admission either of liability or as to whether Plaintiff is entitled to relief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry its burden of showing that any action by Dentsply was willful or knowing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Plaintiff provided its prior express invitation or permission to be contacted.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the matters alleged in the Complaint, Dentsply acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions of Dentsply were proper and justified.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused in whole or in part by the actions of parties other than Dentsply.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint, including under Article III of the United States Constitution or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each claim asserted therein, is barred, in whole or in part, because Plaintiff and the putative class members are not within the "zone of interest" of persons and entities that the TCPA was meant to protect.

## NINTH AFFIRMATIVE DEFENSE

To the extent the TCPA is applied against Dentsply in this case to impose upon Dentsply liability in circumstances that Dentsply could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

To the extent the TCPA is applied against Dentsply in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered, if any, is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

The cause of action in the Complaint is barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, laches and other theories of equity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because, if Plaintiff has been damaged, Plaintiff has failed to mitigate its damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet its burden to show that this case should be certified as a class action under Fed. R. Civ. P. 23.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Certain additional defenses to the Complaint and to the asserted claims for relief stated therein may be available to Dentsply.  These additional defenses, however, may require discovery before they can be properly alleged.  Thus, Dentsply reserves the right to assert other separate and additional defenses if and when they become appropriate in this action.

**WHEREFORE,** Dentsply requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award Dentsply all of the costs and attorneys' fees incurred in defending this action and grant such other relief as it deems appropriate.

## JURY TRIAL DEMAND

Defendant Dentsply Sirona demands a jury trial on any and all claims or issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

DATED: August 14, 2017                    Respectfully submitted,

/s/ *Diana L. Eisner*
Christine M. Reilly (pro hac vice)
Diana L. Eisner (pro hac vice)
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, California 90064
Telephone:  (310) 312-4237

10

Email:  creilly@manatt.com
        deisner@manattt.com


JEFFREY A. BACKMAN, ESQ.
Fla. Bar No. 662501
jeffrey.backman@gmlaw.com
**GREENSPOON MARDER, P.A.**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 491-1120
Facsimile: (954) 213-0140

BRIAN R. CUMMINGS, ESQ.
Fla. Bar No. 25854
brian.cummings@gmlaw.com
**GREENSPOON MARDER, P.A.**
401 E. Jackson Street, Suite 1825
Tampa, FL 33602
Telephone: (813) 769-7020
Facsimile: (813) 426-8582


*Counsel for Defendant Dentsply Sirona, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve notice of such filing upon all the parties of record.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Diana L. Eisner*
Diana L. Eisner