UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FLORIDA PROSTHODONTICS, P.A., a Florida corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DENTSPLY SIRONA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 6:17-cv-899-RBD-GJK |

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | PLAINTIFF'S PROPOSAL | DEFENDANT'S PROPOSAL |
|---|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | September 14, 2017 | Within 14 days of the entry of a Scheduling Order |
| Certificate of Interested Persons and Corporate Disclosure Statement | August 31, 2017 | Filed on June 14, 2017 (Dkt. No. 14) |
| Motions to Add Parties or to Amend Pleadings | One month from entry of a Scheduling Order | |

| | | |
|---|---|---|
| Motion for Class Certification[1] | December 12, 2017 | To be determined if Defendant's Motion for Summary Judgment is denied. |
| Disclosure of Expert Reports<br><br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions]<br><br>Plaintiff:<br><br>Defendant: | 9 months before trial | To be determined if Defendant's initial Motion for Summary Judgment is denied. |
| Discovery Deadline    [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | 6 months before trial | Phase 1 discovery to be completed by December 22, 2017.<br><br>Phase 2 discovery to be determined if Defendant's Motion for Summary Judgment is Denied. |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court recommends no less than 5 months before trial] | 5 months before trial | |

---

[1] Plaintiff recognizes that Local Rule 4.04(b) requires a motion for class certification to be filed within ninety (90) days of the complaint. However, Defendant answered the complaint on August 14, 2017, two days before Plaintiff's deadline. The parties agreed to address class certification dates in their 26(f) report. The Court granted Plaintiff's Motion for an Extension of its Deadline to File a Motion for Class Certification. Dkt. No. 25.
.

| | | |
|---|---|---|
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to chambers_FLMD_Dalton@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form) (court recommends 7 days prior to date of final pretrial conference) | 7 days prior to date of final pretrial conference | |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | 3 weeks before Final Pretrial Conference | |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | 3 weeks before trial | |
| Trial Term Begins [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). | 16 months from 26(f) conference | To be determined if Defendant's initial Motion for Summary Judgment is denied. |
| Estimated Length of Trial | 3-5 days | |
| Jury / Non-Jury | | |

| | | |
|---|---|---|
| Mediation<br><br>Deadline:<br><br>Mediator:<br><br>Address:<br><br>Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Plaintiff is agreeable to mediation upon receipt of minimal class discovery | Within 8 weeks of a ruling on Defendant's Motion for Summary Judgment. |
| All Parties Consent to Proceed Before Magistrate Judge<br>(Counsel are directed to file the separate Consent form simultaneously.) | Yes____   No _x___<br><br>Likely to Agree in Future  _____ | |

## I. Meeting of Parties in Person

Pursuant to the court's order, counsel met telephonically. The meeting was held on August 17, 2017 at 4:30 pm and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Kas Gallucci | Plaintiff |
| Diana Eisner | Defendant |

## II. Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) – (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated

by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties __ have exchanged _X_ agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) – (D) as described above, with Plaintiff proposing September 14, 2017 and Defendant proposing within 14 days of the Court's issuance of a scheduling order.

Below is a description of information disclosed or scheduled for disclosure. Information required by Fed.R.Civ.P. 26(a)(1).

## III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that:

___ no party anticipates the disclosure or discovery of ESI in this case;

_X_ one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

A.    The form or forms in which ESI should be produced.

Defendant proposes the following procedures for the preservation, disclosure and management of electronically stored information:  ESI shall be captured and produced using a method that is reasonably designed to preserve the original metadata, which shall be produced in the text load file.  The parties shall produce

documents in TIFF/PDF format except unredacted Excel documents and databases will be produced in their native format, with the Bates number applied as the file name.  An imaged document placeholder should be provided in the image production for these files.  The original filename will be produced with the metadata in the text load file.  The parties will undertake to search their electronically stored information for responsive documents and information utilizing search terms and procedures known by the disclosing party to be reasonably calculated to locate responsive documents and information.  Plaintiff additionally requests commercially searchable information and documents.

      B.    Nature and extent of the contemplated ESI disclosure or discovery, including specification of the topics for such discovery and the time period for which discovery will be sought. The parties will meet and confer in good faith to resolve these issues as they arise.

      C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata. The parties will meet and confer in good faith to resolve these issues as they arise.

      D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information. The parties will meet and confer in good faith to resolve these issues as they arise. During the conference, Defendant represented that most if not all sources of information were within its control and a third-party was not responsible for faxing.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of the individuals with special knowledge of a party's computer systems. Plaintiff requested that Defendant provide this information and is awaiting Defendant's response.

F.   Any issues relating to preservation of discoverable ESI. Both parties have instituted litigation holds for relevant data and information.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements. The Parties believe they can agree on appropriate protocols and that a filed protective order is not necessary at this time.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Plaintiff believes that all discovery should proceed in a single phase. Defendant's request that discovery be bifurcated into first "consent" issues and later class and merits discovery will serve only to delay these proceedings and ensure an unnecessary expenditure of time and other resources by the Parties and the Court. The information

necessary to establish that Defendant violated the Telephone Consumer Protection Act by sending Plaintiff unsolicited faxes will necessarily and significantly overlap with the information necessary to establish that the requisites to class certification have been satisfied—e.g., what policies and procedures were in place regarding prior express invitation or permission, the sending of faxes generally, etc.

For example, determining "Whether Plaintiff consented to receive fax advertisements from Defendant," as Defendant proposes, will necessarily involve an analysis of Defendant's record-keeping processes and its customer-relationship management software, and may involve comparing the information available regarding the faxes to Plaintiff with information in Defendant's records relating to other fax recipients (such as, for instance, determining whether Defendant used standardized language to log supposed consent or whether evidence exists regarding the scope of any consent provided). This information would overlap substantially with the information necessary to analyze and brief class certification issues in this matter.

Federal Rule of Civil Procedure 26 states that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Any request to bifurcate would unduly prejudice and further delay Plaintiff's case. To avoid disputes that will likely lead to the meet and confers, motion practice, and Court assistance, Plaintiff requests that all discovery proceed together.

Defendant believes that phased discovery is warranted in this case for purposes of efficiency and to streamline resolution of this matter. This case presents an odd situation of a customer suing a company, with which it has had a long-standing relationship, over a single fax. Over the past ten years, Plaintiff has purchased

approximately $175,000 worth of products from Defendant and has welcomed faxes promoting Defendant's products. Defendant strongly believes, based on review of Plaintiff's customer records, that it had permission to send the fax at issue. Since the fax was solicited, an opt-out notice was not required. *See Bais Yaakov v. Fed. Commc'ns Comm'n*, 852 F.3d 1078, 1079 (D.C. Cir. 2017) ("We hold that the FCC's 2006 Solicited Fax Rule is therefore unlawful to the extent that it requires opt-out notices on solicited faxes."). The primary issue in this case is whether the fax was "solicited." This is a threshold issue which could end this lawsuit if resolved favorably for Defendant. Accordingly, Defendant is requesting bifurcated discovery on the solicited fax issue.

If the Court finds that the facsimile received by Plaintiff was sent with permission, then Plaintiff's claims fail on the merits and this case must be dismissed. Plaintiff would not be able to proceed on its own behalf, let alone on behalf of a putative class. It would be a waste of judicial resources to move forward with class discovery without resolving this threshold and potentially dispositive issue.

Defendant proposes that Phase 1 of discovery be limited to issues concerning whether the April 27, 2017 fax at issue was solicited. Phase 2 (if Defendant does not prevail on an early summary judgment motion on the solicited fax question) would open the door to remaining discovery, including class discovery.

Defendant believes bifurcation would allow the parties to efficiently develop the limited facts needed for Defendant to move for early summary judgment on Plaintiff's claims. Absent bifurcation, broad and burdensome discovery will ensue, including discovery that may be directed at unrelated third parties. Given that there is a simple, baseline issue of consent which could resolve the whole case, broader discovery is likely

to be wholly unnecessary.  Accordingly, Defendant proposes the following schedule:

### *Phase 1 Discovery*

a. In Phase 1, Defendant intends to conduct discovery on the following topics:

   1. Whether Plaintiff consented to receive fax advertisements from Defendant.

   2. Plaintiff's business relationship with Defendant, as well as any related affiliates, including but not limited to any agreements, communications, and course of conduct between Plaintiff and these entities related to the relationship and methods of communication between Plaintiff and these entities.

   3. Any other facts relevant to whether the fax at issue was "solicited" under applicable laws and regulations.

b. All discovery under Phase 1, including written discovery and depositions, will be completed by December 22, 2017.  No class discovery or other merits-based discovery should take place until it is determined whether the fax at issue was solicited.

c. Defendant anticipates that Phase 1 discovery will require a few depositions of fact witnesses and should be heard in March 2018.

### *Phase 2 Discovery*

If the Court does not grant Defendant's Motion for Summary Judgment, the parties should meet and confer and submit a new Joint Scheduling Report outlining the parties' plan for moving forward with the remainder of the litigation within fourteen (14) days of the Court's ruling on the Motion.  Defendant may call expert witnesses.  The

deadline for disclosing and deposing experts should be set during Phase 2 Discovery. The deadline for a class certification motion should also be set during Phase 2 Discovery.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

<u>The parties disagree on whether discovery should be bifurcated.</u>

If there are disputed issues specified above, or elsewhere in this report, then (check one):

<u>  X   </u> one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P. The Parties will file a Rule 16(a) motion.

## IV.     Agreed Discovery Plan for Plaintiffs and Defendants

### A.     Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Parties and Corporate Disclosure statement. A motion, memorandum, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed

and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure statement, which remains current:

      _____ Yes

      ____x____ No

Plaintiff will file an updated Certificate of Interested Persons and Corporate Disclosure Statement by August 31, 2017.

**B.**  **Discovery Not Filed**

The Parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).  The parties further agree as follows: *The Parties agree to serve discovery requests electronically and, for the sake of efficiency, in Microsoft Word format as well as by PDF.*

**C.**  **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering

the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions – *The parties do not propose any limitations beyond those imposed above and by the Federal Rules.*

2. Interrogatories – *The parties do not propose any limitations beyond those imposed above and by the Federal Rules.*

3. Document Requests – *The parties do not propose any limitations beyond those imposed above and by the Federal Rules.*

4. Requests to Admit – *The parties do not propose any limitations beyond those imposed above and by the Federal Rules.*

5. Supplementation of Discovery – The parties agree to provide any supplemental discovery responses pursuant to Fed.R.Civ.P. 26(e)(1).

**D.  Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: *N/A*

**E.  Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part

of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: *Nothing at this time.*

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: Plaintiff will prepare a proposed confidentiality order.

  **G.**  **Other Matters Regarding Discovery** – *The parties do not presently foresee any issues that may arise with discovery. In the event the parties have a dispute, the parties agree to engage in good faith efforts to resolve it.*

**VI.** **Settlement and Alternative Dispute Resolution.**

  **A.** **Settlement –**

   The parties agree that settlement is _____ likely  X  unlikely at this time.

   The parties request a settlement conference before a United States Magistrate Judge: \_\_\_\_\_ yes  x  no _____ likely to request in the future

  **B.** **Arbitration**

   The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

   \_\_\_\_\_ Yes  x  No \_\_\_\_\_ Likely to agree in future

   \_\_\_\_\_ Binding    \_\_\_\_\_ Non-Binding

  **C.** **Mediation**

   Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The Parties have agreed to attempt resolution before a mediator at JAMS and have discussed pursuing mediation in California, since lead counsel for both parties reside there. However, should the Court require the Parties to mediate in Florida, the parties will agree on a mediator from the Court's approved list of mediators, and will agree to a date at the appropriate time. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.     Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:  Should the Parties ultimately seek to resolve the matter after a period of discovery, Plaintiff believes it may be helpful to seek the assistance of a private mediator. Defendant believes that private mediation may be appropriate if its Motion for Summary Judgment is denied and the case proceeds to Phase 2 discovery.

Date: August 24, 2017

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

/s/ Kas L. Gallucci    (pro hac vice)
    Kas L. Gallucci (pro hac vice)
    Law Offices of Ronald A. Marron
    651 Arroyo Drive
    San Diego, CA 92103
    Tel: 619-696-9006
    Fax: 619-564-6665
    kas@consumersadvocates.com
*Counsel for Plaintiff*

/s/ Christine M. Reilly
    Christine M. Reilly
    Manatt, Phelps & Phillips LLP
    11335 W. Olympic Blvd.
    Los Angeles, CA 90064
    Tel.: 310-312-4237
    Fax: 310-996-7037
    creilly@manatt.com
*Counsel for Defendant*

## CERTIFICATION OF APPROVAL OF CONTENT

I, Kas L. Gallucci, counsel for Plaintiff in the above-captioned matter, hereby certify that the required parties have approved and accepted the content of the Case Management Report, and that I have obtained authorization from Christine M Reilly, counsel for Defendant, to use her electronic signatures on this document.

Dated: August 24, 2017                                                  /s/ *Kas L. Gallucci*

                                                                                                       Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 17, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which was delivered to all CM/ECF users via transmission of a Notice of Electronic Filing.

                                                      /s/ Kas L. Gallucci